**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| FREESCALE SEMICONDUCTOR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.  4:06cv491 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PROMOS TECHNOLOGIES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Freescale Semiconductor, Inc. ("Freescale"), for its Complaint against Defendant ProMOS Technologies ("ProMOS"), alleges:

### The Parties

1.      Plaintiff Freescale is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.

2.      Defendant ProMOS is a Taiwanese company, having a principal place of business at No. 19, Li-Hsin Road, Hsinchu Science Park, Hsinchu, Taiwan 30078, R.O.C.  ProMOS's registered agent, registered with the Texas State Secretary of State's Office, is Incorporated Services, Ltd., at 2700 Pecan Street West, Suite 427, Pflugerville, Texas 78660.

**Jurisdiction and Venue**

3.       This is an action arising under the patent laws of the United States.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       This Court has personal jurisdiction over ProMOS in that ProMOS has established minimum contacts with the forum.  ProMOS manufactures and/or assembles products that are and have been used, offered for sale, sold, and purchased in Texas including in this Judicial District.  ProMOS, directly and/or through its distribution network, places its Dynamic Random Access Memories ("DRAMs") within the stream of commerce, which stream is directed at this district.  Jurisdiction over ProMOS in this matter is also proper insomuch as ProMOS has voluntarily submitted itself to the jurisdiction of the courts of this State by registering with the Texas Secretary of State a registered agent.  Therefore, the exercise of jurisdiction over ProMOS would not offend traditional notions of fair play and substantial justice.

5.       ProMOS does business in this district, including providing products that are used, offered for sale, sold, and have been purchased in Texas and in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

**Factual Background**

6.       U.S. Patent No. 5,367,494 ("the '494 patent"), titled *Randomly Accessible Memory Having Time Overlapping Memory Accesses*, was duly and lawfully issued on November 22, 1994.  Freescale is the current owner of all rights, title, and interest in the '494 patent.  A true and correct copy of the '494 patent is attached hereto as Exhibit A.

7.       U.S. Patent No. 5,467,455 ("the '455 patent"), titled *Data Processing System and Method for Performing Dynamic Bus Termination*, was duly and lawfully issued on November

14, 1995.  Freescale is the current owner of all rights, title, and interest in the '455 patent.  A true and correct copy of the '455 patent is attached hereto as Exhibit B.

8.      U.S. Patent No. 5,476,816 ("the '816 patent"), titled *Process for Etching an Insulating Layer After a Metal Etching Step*, was duly and lawfully issued on December 19, 1995.  Freescale is the current owner of all rights, title, and interest in the '816 patent.  A true and correct copy of the '816 patent is attached hereto as Exhibit C.

## COUNT I
### (Infringement of the '494 patent)

9.      Freescale incorporates by reference the allegations set forth in Paragraphs 1-8 of this Complaint as though fully set forth herein.

10.     On information and belief, ProMOS has infringed and is infringing the '494 patent by making, using, importing, offering for sale, and/or selling in the United States, without authority, products including memories that are covered by one or more claims of the '494 patent.

11.     On information and belief, ProMOS is actively inducing the infringement and/or contributing to the infringement of the '494 patent by others in the United States.

12.     On information and belief, ProMOS will continue to directly infringe, induce infringement, and/or contribute to the infringement of the '494 patent unless enjoined by this Court.

13.     On information and belief, ProMOS's direct and/or indirect infringement of the '494 patent was willful, continues to be willful, and entitles Freescale to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

14.     ProMOS's acts of infringement have caused damage to Freescale and Freescale is entitled to recover from ProMOS the damages sustained by Freescale as a result of ProMOS's wrongful acts in an amount subject to proof at trial.  ProMOS's acts of infringement will continue to damage Freescale, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II
## (Infringement of the '455 patent)

15.     Freescale incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

16.     On information and belief, ProMOS has infringed and is infringing the '455 patent by making, using, importing, offering for sale, and/or selling in the United States, without authority, products including memories that are covered by one or more claims of the '455 patent.

17.     On information and belief, ProMOS is actively inducing the infringement and/or contributing to the infringement of the '455 patent by others in the United States.

18.     On information and belief, ProMOS will continue to directly infringe, induce infringement, and/or contribute to the infringement of the '455 patent unless enjoined by this Court.

19.     On information and belief, ProMOS's direct and/or indirect infringement of the '455 patent was willful, continues to be willful, and entitles Freescale to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

20.     ProMOS's acts of infringement have caused damage to Freescale and Freescale is entitled to recover from ProMOS the damages sustained by Freescale as a result of ProMOS's

wrongful acts in an amount subject to proof at trial.  ProMOS's acts of infringement will continue to damage Freescale, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT III
### (Infringement of the '816 patent)

21.    Freescale incorporates by reference the allegations set forth in Paragraphs 1-20 of this Complaint as though fully set forth herein.

22.    On information and belief, ProMOS has infringed and is infringing the '816 patent by making, using, importing, offering for sale, and/or selling in the United States, without authority, products including memories that are covered by one or more claims of the '816 patent and/or are manufactured by a process covered by one or more claims of the '816 patent.

23.    On information and belief, ProMOS is actively inducing the infringement and/or contributing to the infringement of the '816 patent by others in the United States.

24.    On information and belief, ProMOS will continue to directly infringe, induce infringement, and/or contribute to the infringement of the '816 patent unless enjoined by this Court.

25.    On information and belief, ProMOS's direct and/or indirect infringement of the '816 patent was willful, continues to be willful, and entitles Freescale to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26.    ProMOS's acts of infringement have caused damage to Freescale and Freescale is entitled to recover from ProMOS the damages sustained by Freescale as a result of ProMOS's wrongful acts in an amount subject to proof at trial.  ProMOS's acts of infringement will

continue to damage Freescale, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

27.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Freescale demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Freescale prays for judgment and seeks relief against ProMOS as follows:

(a)     For judgment that the '494 patent has been and continues to be directly and/or indirectly infringed by ProMOS;

(b)     For judgment that the '455 patent has been and continues to be directly and/or indirectly infringed by ProMOS;

(c)     For judgment that the '816 patent has been and continues to be directly and/or indirectly infringed by ProMOS;

(d)     For permanent injunctions enjoining the aforesaid acts of infringement by ProMOS, its officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with ProMOS, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(e)     For an accounting of all damages sustained by Freescale as a result of ProMOS's acts of infringement;

(f)     For actual damages together with prejudgment interest;

(g)     For increased damages pursuant to 35 U.S.C. § 284;

(h)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(i)     For all costs of suit; and

(j)     For such other and further relief as the Court may deem just and proper.


DATED:  December 7, 2006                    Respectfully submitted,


                                            By: */s/ Jason W. Cook*

                                            Michael J. Newton
                                            Texas State Bar No. 24003844
                                            mjnewton@jonesday.com
                                            Jason W. Cook
                                            Texas State Bar No. 24028537
                                            jwcook@jonesday.com
                                            Stacey L. Garrett
                                            Texas State Bar No. 24053220
                                            slgarrett@jonesday.com
                                            JONES DAY
                                            2727 North Harwood St.
                                            Dallas, Texas 75201-1515
                                            Telephone:  (214) 220-3939
                                            Facsimile:  (214) 969-5100

                                            Clyde M. Siebman
                                            Lead Attorney
                                            Texas State Bar No. 18341600
                                            clydesiebman@siebman.com
                                            SIEBMAN, REYNOLDS, BURG &
                                            PHILLIPS, LLP
                                            Federal Courthouse Square
                                            300 North Travis
                                            Sherman, Texas 75090
                                            Telephone:  (903) 870-0070
                                            Facsimile:  (903) 870-0066

David L. Witcoff
Illinois State Bar No. 6183629
dlwitcoff@jonesday.com
Kevin P. Ferguson
Illinois State Bar No. 6269729
kpferguson@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

**ATTORNEYS FOR FREESCALE
SEMICONDUCTOR, INC.**